UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM EDWARD PERRY, JR.,

    Plaintiff,

v.                                            Case No. 3:19-cv-43-J-25MCR

CENTENE MEDICAL SERVICES
and CENTURION OF FLORIDA, LLC,

    Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff William Edward Perry, Jr., an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Complaint) and a motion to proceed in forma pauperis (Doc. 2). Plaintiff names as Defendants two medical companies under contract to provide medical services at Hamilton Correctional Institution (HCI), Centene Medical Services and Centurion of Florida. In his Complaint, Plaintiff asserts unnamed nurses at HCI negligently discarded severed tissue from his lip after another inmate bit him. Plaintiff alleges the "nursing staff failed to send [the] severed tissue to [the] hospital for re-attachment," which caused him pain and permanent disfigurement. Complaint at 5.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted).

A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the

2

plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation because he has failed to "state a claim to relief that is plausible on its face." See Ashcroft, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original). Allegations of medical negligence are not cognizable as an Eighth Amendment violation to support a claim under § 1983. Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). See also Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) ("Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'").

Even reading Plaintiff's allegations liberally, Plaintiff fails to allege a constitutional violation. For instance, he does not allege the individual nurses involved in his care acted with deliberate indifference to a serious medical need. In fact, he alleges he was sent to the hospital for treatment. The only act he attributes to the treating nurses is a failure to send the severed tissue to the hospital for re-attachment. At most, these allegations suggest medical negligence, which is insufficient to establish liability under § 1983. Accordingly, Plaintiff fails to allege facts "respecting all the material elements necessary to sustain a recovery under some viable legal theory." See Roe, 253 F.3d at 683.

Even if Plaintiff alleged the individual nurses acted with deliberate indifference, he fails to name them as Defendants. Instead, he names as Defendants the medical providers for whom the nurses worked, Centene and Centurion. An individual or entity cannot be held liable under § 1983 on the basis of supervisory liability in the absence of allegations that the supervisor's policy or custom resulted in a constitutional violation. See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citation omitted) ("It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious

liability."). Centene and Centurion cannot be held liable based on the alleged negligent conduct of employees simply because they were under contract to provide health care to inmates at HCI.

Moreover, because the Court finds Plaintiff fails to state a claim for deliberate indifference against the nurses, there is no basis upon which to hold the supervisory entities liable even if Plaintiff alleged the entities adopted an unconstitutional policy or custom. See Ross v. Corizon Med. Servs., 700 F. App'x 914, 917-18 (11th Cir. 2017) ("[B]ecause [the plaintiff] has not demonstrated that there was a constitutional violation in this case, by extension, he cannot establish that [the medical company] participated in or caused such a violation.").

Accordingly, it is

**ORDERED:**

1.   This case is **DISMISSED without prejudice**.

2.   The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of April, 2019.

United States District Judge

5

Jax-6 4/2
c:
William Edward Perry, Jr.